CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
708 Third Avenue – 6th Floor
New York, NY 10017
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------X

ISAAC GUTIERREZ, on behalf of himself
and others similarly situated,

                Plaintiff,

   -against-

BLCH 3RD AVE. LLC d/b/a BRICK LANE CURRY
HOUSE, BRICKLANE CURRY HOUSE INC. d/b/a
BRICK LANE CURRY HOUSE, BRICKLANE CURRY
HOUSE TOO, INC. d/b/a BRICK LANE CURRY
HOUSE, SATINDER SHARMA, AJIT BAINS, and
GAURANG GANDHI,

                Defendants.

-----------------------------------------------------------------------X

Case No.15-CV-5053

FLSA COLLECTIVE
ACTION and RULE
23 CLASS ACTION
COMPLAINT

**Jury Trial
Demanded**

Plaintiff, ISAAC GUTIERREZ (hereinafter, "Plaintiff"), on behalf of himself and

other similarly situated employees, by and through his undersigned attorneys, Cilenti &

Cooper, PLLC, files this Complaint against defendants BLCH 3RD AVE. LLC d/b/a

BRICK LANE CURRY HOUSE ("BLCH"), BRICKLANE CURRY HOUSE INC. d/b/a

BRICK LANE CURRY HOUSE ("BRICKLANE CURRY HOUSE"), BRICKLANE

CURRY HOUSE TOO, INC. d/b/a BRICK LANE CURRY HOUSE ("BRICKLANE

TOO") (collectively referred to herein as the "Corporate Defendants" or "Brick Lane"),

SATINDER SHARMA, AJIT BAINS, and GAURANG GANDHI (collectively, the

"Individual Defendants") (the Corporate Defendants and the Individual Defendants are collectively referred to herein as "Defendants"), and states as follows:

## INTRODUCTION

1.      Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2.      Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours, (d) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (e) prejudgment and post-judgment interest; and (f) attorneys' fees and costs.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4.      Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5.      Plaintiff is a resident of Queens County, New York.

6.     Defendant, BLCH, is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 1644 Third Avenue, New York, New York 10128.

7.     Defendant, BRICKLANE CURRY HOUSE, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 306-308 East 6th Street, New York, New York 10003.

8.     Defendant, BRICKLANE TOO, is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 235 East 53rd Street, New York, New York 10022.

9.     Defendants also operate two additional Brick Lane restaurant locations in Upper Montclair and Ridgewood, New Jersey.

10.     Defendants, SATINDER SHARMA and AJIT BAINS, are the co-owners, shareholders, directors, supervisors, managing agents, proprietors, and managing members of the Corporate Defendants, who actively participate in the day-to-day operations of each of the Corporate Defendants and acted intentionally and maliciously and are employers pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and are jointly and severally liable with the Corporate Defendants.

11.     Defendant, GAURANG GANDHI, is the General Manager of defendant BLCH, who actively participates in the day-to-day operations of BLCH and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York

3

Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with BLCH.

12.    The Individual Defendants each exercise control over the terms and conditions of their employees' employment, in that they have and have had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control the work of the employees, and (v) otherwise affect the quality of the employees' employment.

13.    The Individual Defendants are present on the premises of the Corporate Defendants on a daily or virtually daily basis, and actively supervise the work of the employees, including Plaintiff, and mandate that all issues concerning the employees' employment – including hours worked and pay received – be authorized and approved by them.

14.    Upon information and belief, at all times relevant to the allegations in this Complaint, the Corporate Defendants were, and continue to be, "enterprises engaged in commerce" within the meaning of the FLSA in that they (i) have and have had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) have and have had an annual gross volume of sales of not less than $500,000.

15.    Defendants continuously employed Plaintiff in New York County, New York to work as a non-exempt dishwasher, porter, food preparer/kitchen helper, and food delivery worker for Defendants' Indian restaurants from in or about November 2014 until on or about June 20, 2015.

4

16.     The work performed by Plaintiff was directly essential to the businesses operated by Defendants.

17.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the FLSA and New York Labor Law.

18.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

19.     Defendants knowingly and willfully failed to pay Plaintiff his lawfully earned "spread of hours" premium in direct contravention of the New York Labor Law.

20.     Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

## STATEMENT OF FACTS

21.     Defendants SATINDER SHARMA and AJIT BAINS hire employees to work as managers and supervisors to participate in the day-to-day operation of each of the Brick Lane restaurants.

22.     Defendants SATINDER SHARMA and AJIT BAINS hired defendant GAURANG GANDHI to work as General Manager and supervisor at BLCH.  Defendant GAURANG GANDHI was one of Plaintiffs' direct supervisors.

23.     Defendants SATINDER SHARMA and AJIT BAINS themselves also actively participate in the day-to-day operation of the Corporate Defendants.  For instance, Messrs. Sharma and Bains personally supervise and direct the work of the employees, including the managers who also directly supervise the employees, instructs

the employees how to perform their jobs, and corrects and/or reprimands the employees for any errors made.

24.     Although defendants SATINDER SHARMA and AJIT BAINS provide managers and supervisors with some authority to effectively run the day-to-day operations of the Corporate Defendants, including hiring and firing employees, defendants SATINDER SHARMA and AJIT BAINS must approve all crucial business decisions, including decisions concerning the number of hours employees work, the amount of pay that employees are entitled to receive, the manner and method by which employees are to be paid, and whether employees are entitled to a pay raise and, if so, the amount of the increase.

25.     In or about November 2014, defendant GAURANG GANDHI, through authority granted to him by defendants SATINDER SHARMA and AJIT BAINS, hired Plaintiff to work as a non-exempt dishwasher, porter, food preparer/kitchen helper, and food deliver worker at Defendants' Indian restaurant known as Brick Lane Curry House, located at 1664 Third Avenue, New York, New York.

26.     Defendants occasionally instructed Plaintiff to work at their Indian restaurant, known as Brick Lane Curry House, located at 235 East 53rd Street, New York, New York.

27.     Plaintiff worked for the Defendants in those capacities until approximately on or about June 20, 2015.

28.     During the course of Plaintiff's employment by Defendants, he worked over forty (40) hours per week.

29.     Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work schedule consisted of twelve (12) hours per day on Monday, Tuesday, Wednesday, Friday and Saturday, from 11:00 a.m. until 11:00 p.m.; and seven (7) hours per day on Sunday, from 4:00 p.m. until 11:00 p.m. Plaintiff normally received one (1) sixty (60) minute meal break per day, except on Sundays.

30.     From the beginning of his employment and continuing through approximately February 2015, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $350 per week straight time for all hours worked, and worked sixty-two (62) hours per week (for a regular rate of pay of $5.65 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31.     Beginning in or about April 2015 and continuing through the remainder of his employment on or about June 20, 2015, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $320 per week straight time for all hours worked, and worked sixty-two (62) hours per week (for a regular rate of pay of $5.16 per hour). Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

32.     If Plaintiff missed a day of work, Defendants deducted money from his weekly wages.

33.     Defendants are not entitled to take any "tip credits" under federal or state law because they: (i) failed to properly provide notice to all tipped employees, including Plaintiff, that the Defendants were taking a "tip credit," (ii) failed to provide proper wage

7

statements informing tipped employees, including Plaintiff, of the amount of "tip credit" taken for each payment period, (iii) failed to keep proper records showing the amount of tips received each day and each week by tipped employees, including Plaintiff, and (iv) caused tipped employees, including Plaintiff, to engage in non-tipped duties, which exceeded 20% of each workday.

34.     The Corporate Defendants are engaged in related activities performed by the Defendants for a common business purpose.

35.     The Corporate Defendants utilized Plaintiff and other similarly situated employees in a fungible and interchangeable manner as workers in the businesses operated by the Defendants.

36.     The Corporate Defendants each engage in related activities, namely, providing restaurant services to the general public for profit.

37.     The Corporate Defendants shared Plaintiff and other similarly situated employees, act in the interest of each other with respect to employees, pay their employees by the same method, share control over the employees, and are themselves under common control.

38.     The Corporate Defendants are controlled by the same owners, or owner group, operating as a unified operation and, upon information and belief, each provide mutually supportive services to the substantial advantage of the other such that each entity is operationally interdependent of each other and, therefore, may be treated as a single enterprise.

39.     Plaintiff's job performance and responsibilities, as well as the responsibilities of other similarly situated employees, was controlled by one person or group of persons, corporations, or other organizational units acting together.

40.     An arrangement existed between the Corporate Defendants, whereby each entity agreed to share the services of Plaintiff and other similarly situated employees.

41.     Defendants knowingly and willfully operated their business with a policy of not paying either the FLSA minimum wage or the New York State minimum wage to Plaintiff and other similarly situated employees.

42.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

43.     Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees "spread of hours" premium for each day that they work a shift in excess of ten (10) hours, in direct violation of the New York Labor Law and the supporting New York State Department of Labor Regulations.

44.     At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants since June 29, 2012 (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage and/or less than time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

46.     Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are more than forty (40) Collective Action Members who worked for the Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims.  Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

47.     Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation.  Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

48.     This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the

class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

49.    A collective action is superior to other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable. Furthermore, inasmuch as the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

50.    Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

      a.    Whether the Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

      b.    Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Collective Action Members;

      c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

      d.    Whether the Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;

e.   Whether the Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

f.   Whether the Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

g.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

51.   Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

52.   Plaintiff and others similarly situated have been substantially damaged by the Defendants' wrongful conduct.

## CLASS ACTION ALLEGATIONS

53.   Plaintiff sues on his own behalf and on behalf of a class of persons under Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure.

54.   Plaintiff brings his New York Labor Law claims on behalf of all persons who were employed by Defendants at any time since June 29, 2009 (the "Class Period") who were non-exempt employees within the meaning of the New York Labor Law and have not been paid statutory minimum wages, overtime compensation, and/or "spread of hours" premium in violation of the New York Labor Law (the "Class").

55. Upon information and belief, the persons in the Class identified herein are so numerous that joinder of all members is impracticable. Although the identity and precise number of such persons is unknown, and the facts upon which the calculation of that number may be ascertained are presently within the sole control of the Defendants, the Class consists of all non-managerial current and former employees and, therefore, is so numerous that joinder is impracticable and most of whom would not be likely to file individual suits because they lack financial resources, access to attorneys, or knowledge of their claims.

56. The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation, where individuals lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.

57. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

58. Plaintiff has committed himself to pursuing this action and has retained counsel experienced in employment law and class action litigation.

59. Plaintiff will fairly and adequately protect the interests of the NY Class members. Plaintiff understands that, as class representative, he assumes a fiduciary responsibility to the Class and Collective Action Members to represent their interests fairly and adequately, and that he must consider the interests of the Class and Collective

Action Members just as he would represent and consider his own interests, and that he may not favor his own interests over those of the Class or Collective Action Members.

60.     Plaintiff recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Class and Collective Action Members.   Plaintiff understands that in order to provide adequate representation, he must remain informed of litigation developments and he understands that he may be called upon to testify in depositions and at trial.

61.     Plaintiff has the same interests in this matter as all other members of the Class and Plaintiff's claims are typical of the Class.

62.     There are questions of law and fact common to the Class which predominate over any questions solely affecting the individual members of the Class, including but not limited to:

> a.  Whether the Defendants employed Plaintiff and the Class members within the meaning of the New York Labor Law;
>
> b.  Whether the Defendants failed to keep true and accurate wage and hour records for all hours worked by Plaintiff and the Class members;
>
> c.  What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;
>
> d.  Whether the Defendants failed to pay Plaintiff and the Collective Action Members statutory minimum wages;
>
> e.  Whether the Defendants failed to pay the Plaintiff and the Class members overtime compensation for all hours worked in excess of

14

forty (40) hours per workweek, in violation of the New York Labor Law and the regulations promulgated thereunder;

f.   Whether the Defendants failed to pay Plaintiff and the Class members "spread of hours" premium for each day they worked a shift in excess of ten (10) hours, in violation of the New York Labor Law and the regulations promulgated thereunder;

g.   Whether the Defendants' violations of the New York Labor Law are willful as that terms is used within the context of the New York Labor Law; and,

h.   Whether the Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, costs, attorneys' fees, and costs and disbursements.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

63.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "62" of this Complaint as if fully set forth herein.

64.     At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

65.     At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

15

66.     Upon information and belief, at all relevant times, each of the Corporate Defendants has had gross revenues in excess of \$500,000.

67.     Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

68.     Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

69.     Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for hours worked.

70.     Plaintiff and the Collective Action Members were entitled to be paid at the rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

71.     Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

72.     At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

73.     Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and

16

one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

74.     As a result of the Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

75.     Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

76.     As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

77.     Due to the reckless, willful and unlawful acts of the Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages, unpaid overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

78.     Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

79.     Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "78" of this Complaint as if fully set forth herein.

17

80. Defendants employed Plaintiff and the Class members within the meaning of New York Labor Law §§ 2 and 651.

81. Defendants knowingly and willfully violated the rights of Plaintiff and members of the Class by failing to pay them minimum wages in the lawful amount for hours worked.

82. Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay Plaintiff and the Class members overtime compensation at the rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

83. Employers are required to pay a "spread of hours" premium of one (1) additional hour's pay at the statutory minimum hourly wage rate for each day where the spread of hours in an employee's workday exceeds ten (10) hours. New York State Department of Labor Regulations § 146-1.6.

84. Defendants knowingly and willfully violated the rights of Plaintiff and the Class members by failing to pay "spread of hours" premium to Plaintiff and the Class members for each day they worked in excess of ten (10) hours pursuant to New York State Department of Labor Regulations.

85. Defendants failed to properly disclose or apprise Plaintiff and the Class members of their rights under the New York Labor Law.

86. Defendants failed to furnish Plaintiff and the Class members with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 146-2.3.

87.     Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

88.     Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 146-2.1.

89.     At the time of their hiring, Defendants failed to notify Plaintiff and the Class members of their rates of pay and their regularly designated payday, in contravention of New York Labor Law § 195(1).

90.     Due to the Defendants' New York Labor Law violations, Plaintiff and the Class members are entitled to recover from Defendants their unpaid minimum wages, unpaid overtime compensation, and unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law §§ 663(1), 198.

91.     Plaintiff and the Class members are also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as civil penalties and/or liquidated damages pursuant to the New York State Wage Theft Prevention Act.

## PRAYER FOR RELEIF

**WHEREFORE**, Plaintiff, ISAAC GUTIERREZ, on behalf of himself and all similarly situated Collective Action Members and Class members, respectfully requests that this Court grant the following relief:

19

(a)    An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b)    An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c)    An award of unpaid "spread of hours" premium due under the New York Labor Law;

(d)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(e)    An award of liquidated damages as a result of Defendants' failure to pay minimum wages, overtime compensation, and "spread of hours" premium pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(f)    An award of civil penalties pursuant to the New York State Wage Theft Prevention Act;

(g)    An award of prejudgment and post-judgment interest;

(h)    An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and

(i)    Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands

trial by jury on all issues.

Dated: New York, New York
        June 29, 2015

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, NY 10017
Telephone   (212) 209-3933
Facsimile   (212) 209-7102
jcilenti@jcpclaw.com

By:   _____
         Giustino (Justin) Cilenti (GC2321)

I, _Isaac Gutierrez_ , am an employee formerly

employed by _Bricklane Curry house_ , and/or related entities. I

consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
_6/23_ , 2015

_(signature)_

Sworn to before me this 23rd
day of _June_ 2015.

_____
Notary Public

GIUSTINO CILENTI
Notary Public, State of New York
No. 02CI6240824
Qualified in New York County
Commission Expires May 9, 2019