UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X

ISAAC GUTIERREZ, on behalf of himself                    :        Case No. 15-CV-5053
and others similarly situated,                           :        (CM) (KNF)
                                                         :
                              Plaintiff,                 :
                                                         :
        -against-                                        :
                                                         :
BLCH 3RD AVE. LLC d/b/a BRICK LANE CURRY                 :
HOUSE, BRICKLANE CURRY HOUSE INC. d/b/a                  :
BRICK LANE CURRY HOUSE, BRICKLANE CURRY                  :
HOUSE TOO, INC. d/b/a BRICK LANE CURRY                   :
HOUSE, SATINDER SHARMA,                                  :
AJIT BAINS, and GAURANG GANDHI,                          :
                                                         :
                              Defendants.                :

-------------------------------------------------------------------X


# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
# MOTION FOR DEFAULT JUDGMENT

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102

## INTRODUCTION

Plaintiff, Isaac Gutierrez ("Plaintiff"), respectfully requests that the Court enter a default judgment against defendants BLCH 3rd Ave. LLC, Bricklane Curry House Inc., Bricklane Curry House Too, Inc., Satinder Sharma, Ajit Bains, and Gaurang Gandhi ("Defendants") pursuant to *Federal Rule of Civil Procedure 55(b)(2)* and *Local Civil Rule 55.2(b)*. Plaintiff hereby submits, in support of this request, the following Proposed Findings of Fact and Conclusions of Law concerning damages and other monetary relief.

## PRELIMINARY STATEMENT

Plaintiff is a former employee who worked for the Defendants' Indian restaurants. Throughout his employment, Plaintiff was required to work sixty-two (62) hours per week. Defendants failed to pay Plaintiff legally mandated minimum wages and overtime compensation. Accordingly, on June 29, 2015, Plaintiff filed a Summons and Complaint against the Defendants charging them with violations of the federal Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), and New York Labor Law §§ 190 *et seq.*, and 650 *et seq.* In his Complaint, Plaintiff seeks, *inter alia*, recovery of his unpaid minimum wages, overtime compensation, and "spread of hours," as well as liquidated damages, attorneys' fees, costs, prejudgment interest, and such other and further relief as the Court deems just and proper. (Cilenti Decl., Ex. A).[1]

Defendants were properly served with the Complaint between July 8-10, 2015. (Cilenti Decl., Ex. B). On October 27, 2015, the Clerk of Court entered a default against the Defendants pursuant to *Federal Rule of Civil Procedure 55(a)*. (Cilenti Decl., Ex. C).

---

[1] "Decl." refers to the declaration of Justin Cilenti submitted herewith. "Ex." refers to the exhibits submitted with and described in the declaration of Justin Cilenti.

Plaintiff now seeks a default judgment against the Defendants pursuant to *Rule 55(b)(2)*, and an award of the monies that Plaintiff is owed.

## PROPOSED FINDINGS OF FACT

### The Parties

1.      Plaintiff is a resident of Queens County, New York.  (Gutierrez Aff., ¶ 3; Compl. ¶ 5).[2]

2.      Defendant BLCH 3rd Ave. LLC is a domestic limited liability company organized under the laws of the State of New York, with a principal place of business at 1664 Third Avenue, New York New York 10128.  (Compl. ¶ 6).

3.      Defendant Bricklane Curry House Inc. is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 306-308 East Sixth Street, New York New York 10003.  (Compl. ¶ 7).

4.      Defendant Bricklane Curry House Too, Inc. is a domestic business corporation organized under the laws of the State of New York, with a principal place of business at 235 East 53rd Street, New York New York 10022.  (Compl. ¶ 8).

5.      Defendants Satinder Sharma and Ajit Bains are the officers, directors, shareholders, proprietors, and managing agents of each of the corporate defendants. (Compl. ¶ 10).

6.      Defendant Gaurang Gandhi is the General Manager of defendant BLCH 3rd Ave. LLC.  (Compl. ¶ 11).

---

[2] "Compl." refers to the Complaint filed in this matter; "Gutierrez Aff.," refers to the affidavit of Plaintiff Isaac Gutierrez submitted herewith.

7. Plaintiff worked for the Defendants. (Gutierrez Aff., ¶¶ 5-8; Compl. ¶¶ 15-27, 65, 80).

8. At all times relevant to the Complaint, defendants Satinder Sharma, Ajit Bains, and Gaurang Gandhi controlled, supervised, and directed Plaintiff with respect to the work that Plaintiff performed. For instance, the Defendants controlled the conditions of Plaintiff's employment; set the rate at which Plaintiff would be paid; set the days and hours of Plaintiff's work; directed Plaintiff with respect to the particular tasks that he performed; and provided Plaintiff with the materials needed to perform his work. (Gutierrez Aff., ¶¶ 9-10, 19; Compl. ¶¶ 10-13, 21-24).

**Plaintiffs' Employment by Defendants**

9. Throughout the entire period of Plaintiff's employment, Plaintiff was entirely dependent upon the wages that he received, or should have received, from the Defendants as the sole means of supporting himself. While employed by the Defendants, Plaintiff had no other employer, nor did Plaintiff have any other source of income. (Gutierrez Aff., ¶ 21).

*Plaintiffs' Work, Hours, and Pay*

10. In or about November 2014, the Defendants hired Plaintiff to work at the Defendants' restaurant located at 1664 Third Avenue as a dishwasher, porter, kitchen helper/food preparer, and food delivery worker. (Gutierrez Aff., ¶ 5; Compl. ¶ 25).

11. Plaintiff was occasionally instructed to work at the Defendants' other restaurant located at 235 East 53rd Street. (Gutierrez Aff., ¶ 6; Compl. ¶ 26).

12. Plaintiff worked for the Defendants in those capacities until on or about June 20, 2015. (Gutierrez Aff., ¶ 8; Compl. ¶ 27).

13.     Throughout the course of his employment, Mr. Gutierrez worked over forty (40) hours per week. Throughout the entirety of his employment, Plaintiff worked six (6) days per week, and his work schedule consisted of twelve (12) hours per day on Monday, Tuesday, Wednesday, Friday and Saturday, from 11:00 a.m. until 11:00 p.m.; and seven (7) hours per day on Sunday, from 4:00 p.m. until 11:00 p.m. Plaintiff normally received one (1) sixty (60) minute meal break per day, except on Sundays. (Gutierrez Aff., ¶ 12; Compl. ¶ 29).

14.     From the beginning of his employment and continuing through approximately February 2015, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $350 per week straight time for all hours worked. (Gutierrez Aff., ¶ 13; Compl. ¶ 30).

15.     Beginning in or about March 2015 and continuing through the remainder of his employment on or about June 20, 2015, Plaintiff was not paid proper minimum wages or overtime compensation. During this period, Plaintiff was paid at the rate of $320 per week straight time for all hours worked, and worked sixty-two (62) hours per week. (Gutierrez Aff., ¶ 14; Compl. ¶ 31).

**Defendants' Failure to Pay Plaintiff In Accordance With the Law**

*Unpaid Minimum Wages*

16.     Plaintiff's regular hourly rates of pay were below the applicable statutory minimum wage in effect between November 2014 and June 2015 (*i.e.*, $8.00 or $8.75 per hour).

17.     Pursuant to Counts I and II of the Complaint, alleging unpaid minimum wages in violation of the FLSA and N.Y. Lab. Law, the Defendants owe Plaintiff unpaid

minimum wages for the first forty (40) hours of work that Plaintiff worked for the Defendants in each workweek in the amount of $4,041.60. (Cilenti Dec. Ex. D).

*Unpaid Overtime Compensation*

18.     Plaintiff worked more than forty (40) hours per week for the Defendants. (Gutierrez Aff., ¶¶ 13-14; Compl. ¶¶ 29-31).

19.     The parties never agreed that any wages that the Defendants paid to Plaintiff included overtime premiums of any kind. (Gutierrez Aff., ¶ 16).

20.     Plaintiff never received any overtime compensation from the Defendants for hours worked in excess of forty (40) hours in any given week. (Gutierrez Aff., ¶¶ 13-15; Compl. ¶¶ 18, 30-31, 70-73, 82).

21.     Pursuant to Counts I and II of the Complaint, alleging unpaid overtime in violation of the FLSA and N.Y. Lab. Law, the Defendants owe Plaintiff unpaid overtime compensation for the hours worked over forty (40) that Plaintiff worked for the Defendants in the amount of $5,239.52. (Cilenti Decl. Ex. D).

**Defendants' Failure to Maintain Records and Provide Notices**

22.     Defendants failed to maintain records of the hours during which Plaintiff performed work for the Defendants. (Compl. ¶¶ 87-88).

23.     Defendants failed to disclose or apprise Plaintiff of his rights under the law. (Gutierrez Aff., ¶ 20; Compl. ¶¶ 75, 89).

**Defendants' Default**

24.     Defendants were properly served with the Complaint in this matter. (Cilenti Decl., ¶ 4, Ex. B).

25.    Defendants failed to plead or otherwise respond to the Complaint.  (Cilenti Decl., ¶ 5).

26.    On October 27, 2015, the Clerk of this Court entered the Defendants' default pursuant to *Fed. R. Civ. P. 55(a)*.  (Cilenti Decl., ¶ 5, Ex. C).

## PROPOSED CONCLUSIONS OF LAW

### I.    Jurisdiction and Venue

1.    This Court has original federal question jurisdiction over this controversy pursuant to *29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337* and *1343*.  (Compl. ¶ 3).

2.    This Court has supplemental jurisdiction over Plaintiff's state law wage and hour claims because those claims and Plaintiff's FLSA claims arise from a common nucleus of operative fact.  *28 U.S.C. § 1367*; *Boyke v. Superior Credit Corp.*, No. 01 Civ. 0290, 2006 U.S. Dist. LEXIS 93928 (N.D.N.Y. Dec. 28, 2006) (exercising supplemental jurisdiction over claims for unpaid wages under New York Labor Law because they arose from the same factual basis as claims under FLSA).  (Compl. ¶ 3).

3.    Venue is proper in this Southern District because the conduct making up the basis of the complaint took place in this Judicial District.  *28 U.S.C. § 1391*.  (Compl. ¶ 4).

### II.    Proper Defendants

4.    Defendants are proper defendants under the FLSA and New York Labor Law because they are Plaintiff's "employers" as defined under those statutes.  *See 29 U.S.C. § 203(d)*; *N.Y. Lab. Law § 190(3)*.

5.    The FLSA broadly defines an "employer" as "any person [or corporation] acting directly or indirectly in the interest of an employer in relation to an employee."  *29*

*U.S.C. § 203(d); Boyke, supra,* 2006 U.S. Dist. LEXIS 93928, at * 16-18. The New York Labor Law is equally expansive, defining "employer" as "any person [or] corporation...employing any individual in any occupation...." *N.Y. Lab. Law § 190(3); Boyke, supra,* 2006 U.S. Dist. LEXIS 93928, at * 16-17.

6.      A person (or corporation) is deemed an "employer" for purposes of the FLSA and New York Labor Law where they exercise "managerial responsibilities" and "substantial control of the terms and conditions of the [employee's] work." *Falk v. Brennan,* 414 U.S. 190, 195, 94 S. Ct. 427, 38 L. Ed. 2d 406 (1973); *see also Lopez v. Silverman,* 14 F. Supp. 2d 405, 412 (S.D.N.Y. 1998) ("an owner may be deemed an employer under the FLSA...where [he] determines the employees' salaries and makes hiring decisions"); *Boyke, supra,* 2006 U.S. Dist. LEXIS 93928, at * 17-19 (corporation and its individual owner held jointly and severally liable as plaintiff's employers under the FLSA and New York Labor Law).

7.      Here, Plaintiff has established that the Defendants were his employers under the FLSA and New York Labor Law. First, Plaintiff has alleged that each of the Defendants was his employer. Further, Plaintiff has alleged that the Defendants exercised "managerial responsibilities" and substantial control of the terms and conditions of his work in various ways. Accepting Plaintiff's allegations as true, as the Court does where, as here, the Defendants are in default, the Defendants qualify as Plaintiff's employer such that they are jointly and severally liable to Plaintiff under the FLSA and New York Labor Law.

8.      The corporate defendants functioned as a single enterprise because they (i) engaged in related activities, (ii) performed through "unified operation" *or* "common

control," (iii) for a common business purpose." *See Brock v. Hamad*, 867 F.2d 804, 806 (4th Cir. 1989) (emphasis added); *see also Archie v. Grand Central Partnership, Inc.*, 997 F. Supp. 504, 525 (S.D.N.Y. 1998).

9.    Courts routinely find that separate entities that perform relatively the same or similar functions engage in related activities for enterprise coverage purposes under the FLSA. *See Morgan v. Speak Easy LLC*, 625 F. Supp. 2d 632 (N.D. Ill. 2007) (two affiliated restaurants were engaged in related activities); *Dole v. Bishop*, 740 F.Supp. 1221, 1224 (S.D. Miss. 1990) (two seafood restaurants were "undoubtedly similar," and met the "related activities" requirement of the FLSA).

10.    Plaintiff properly alleged that the corporate defendants conducted related activities; namely, the restaurant and food business. (Compl. ¶¶ 34, 36). This is sufficient by itself for the Court to hold that each engaged in related activities. *See Gionfriddo v. Jason Zink, LLC*, 769 F.Supp.2d 880, 891-92 (D. Md. 2011).

11.    Common control "exists where the performance of the described activities [is] controlled by one person or by a number of persons, corporations, or other organizational units acting together." *29 C.F.R. § 779.221*. "[C]ontrol…includes the power to direct, restrict, regulate, govern, or administer the performance of the activities." *Id.* "The determinative question is whether a common entity has the power to control the related business operations." *Reich v. Bay, Inc.*, 23 F.3d 110, 115 (5th Cir. 1994).

12.    Here, Plaintiff demonstrates that common control and ownership of both restaurants lie with a common group of people: defendants Satinder Sharma, Ajit Bains, and Gaurang Gandhi. (Compl. ¶¶ 10-13, 21-24, 38-39).

13. A common business purpose "includes activities which are directed to the same business objective or to similar objectives in which the group has an interest." *Brock, supra,* 867 F.2d at 807 (*quoting 29 C.F.R. § 779.213*). A common business purpose exists if the separate entities engaged in complimentary businesses, and were to a significant degree operationally interdependent. *Donovan v. Janitorial Services, Inc.,* 672 F.2d 528, 530 (5th Cir. 1982). Courts have recognized that "a common business purpose is generally found where there are related activities and common control." *Chao v. A-One Medical Services, Inc.,* 346 F.3d 908, 916 (9th Cir. 2003).

14. Plaintiff properly alleges that the corporate defendants each engaged in a common business purpose; namely, providing restaurant and food services to the general public. (Compl. ¶ 34).

15. Consequently, based upon the uncontested allegations in Plaintiff's Complaint, it is proper for this Court to conclude that the corporate defendants – even if separately incorporated – constitute a single enterprise under the FLSA and, thus, are jointly and severally liable with the individual defendants as Plaintiff's employer.

**III.    Plaintiff Is Entitled to Entry of Default Judgment**

16. *Rule 55 of the Federal Rules of Civil Procedure* sets forth a two-step process by which a default judgment may be entered. First, when defendants have properly been served with a complaint but fail to plead or otherwise defend, the court clerk enters a default on the docket. *Fed. R. Civ. P. 55(a)*; *see also Garden City Boxing Club, Inc. v. Perez & El Vitalina Rest.,* No. 05 Civ. 3713, 2006 U.S. Dist. LEXIS 97453, at * 5-6 (E.D.N.Y. Aug. 8, 2006) (*citing Enron Oil Corp. v. Diakurara,* 10 F. 3d 90, 95

(2d Cir. 1993)). Then, if the defendants remain in default, the court may enter a default judgment, and award plaintiff damages and other relief. *Fed. R. Civ. P. 55(b)*.

17. Dispositions of motions for default judgment are left to the sound discretion of the district court. *Shah v New York State Department of Civil Service*, 168 F. 3d 610, 615 (2d Cir. 1999). In civil cases, where a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party. *Fed. R. Civ. P. 55(b)(2)*; *see also Bermudez v. Reid*, 733 F. 2d 18, 21 (2d Cir. 1984).

18. In determining whether to enter default judgment, courts consider such factors as whether the grounds for default are clearly established, whether the complaint states a valid cause of action, whether the plaintiff will be prejudiced by a delay in obtaining judgment, and the effect a default judgment might have on the defendant. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F. 2d 61, 65 (2d Cir. 1981).

19. Here, Plaintiff is entitled to entry of default judgment because the Defendants were properly served with the Complaint but have nonetheless failed to appear, and because the circumstances of this case favor entry of default judgment. For example, Plaintiff will be severely prejudiced if default judgment is not granted because it is the only way he may obtain relief for his unpaid wages. What is more, the Complaint is meritorious, well pled and, thus, entitles him to relief. Further, if default judgment is not granted, the Defendants will escape liability for violating the law. Defendants' failure to appear despite having knowledge of this action for several months shows that their failure is willful and, therefore, any impact that default judgment may have on them is immaterial. *See Garden City Boxing Club, supra*, 2006 U.S. Dist.

LEXIS 97453, at * 20-21; *see also Burch v. Nyarko*, No. 06 Civ. 7022, 2007 U.S. Dist. LEXIS 43275, at * 9 (S.D.N.Y. June 15, 2007).

20.     For these reasons, entry of default judgment pursuant to *Rule 55(b)* is warranted.

## IV.     Defendants Are Liable to Plaintiff

21.     "When a default judgment is entered, the defendants are deemed to have admitted all of the well-pleaded factual allegations in the complaint pertaining to liability." *Garden City Boxing Club, supra*, 2006 U.S. Dist. LEXIS 97453, at * 8 (*citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F. 2d 155, 158 (2d Cir. 1992)).

22.     As the Defendants have failed to appear, they are deemed to have admitted each of Plaintiff's allegations.     Therefore, they are liable to Plaintiff for the claims alleged in the Complaint.

*Defendants' Statutory Violations*

### A.     Defendants Failed to Pay Plaintiff Minimum Wages and Overtime Compensation in Violation of the FLSA and New York Labor Law

23.     The FLSA and New York Labor require employers to pay their employees at or above a set minimum wage, as well as overtime for work in excess of forty (40) hours in a given workweek at the rate of time and one-half the statutory minimum wage rate, or at time and one-half the employee's regular rate of pay if they earn above the statutory minimum. *29 U.S.C. §§ 206(a), 207(a)*; *N.Y. Lab. Law §§ 652(1), 655(5)(b)*; *12 NYCRR §§ 146-1.2, 146-1.4.*

24.     Here, Plaintiff has established that he failed to be paid at least the applicable minimum wage in effect during his employment.     Plaintiff also established

that he routinely worked in excess of forty (40) hours per week, but that the Defendants failed to pay him overtime compensation. Therefore, the Defendants are liable to Plaintiff for violating the minimum wage and overtime provisions of the FLSA and New York Labor Law.

## V. Plaintiff Is Entitled to Compensatory Damages, Liquidated Damages, Prejudgment Interest, Attorneys' Fees and Costs

### *Compensatory Damages*

25. Where defendants have defaulted, plaintiffs need only demonstrate the extent of their damages, and need not "introduce any evidence whatever in support of the allegations of [their] complaint." *Boyke, supra*, 2006 U.S. Dist. LEXIS 93928, at * 4. "At most, all that defendant can do is question the extent of the damages suffered by plaintiff." *Id.* at *4-5.

26. A court need not hold a hearing on damages. The Court "may, but need not, make the determination [of damages] through a hearing. Rather, ... the court may rely on detailed affidavits or documentary evidence to evaluate the proposed sum." *Fustok v. Conticommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989). Here, Plaintiff has submitted a detailed affidavit and exhibits demonstrating his damages that have provided the Court with a basis for awarding damages. Thus, the Court can and should determine damages without an evidentiary hearing.

27. "[W]here the employer has defaulted, the courts have held that the plaintiff[s]' recollection and estimates of hours worked are presumed to be correct." *Pavia v. Around the Clock Grocery, Inc.*, No. 03 Civ. 6465, 2005 U.S. Dist. LEXIS 43229, at * 18 (E.D.N.Y. Nov. 15, 2005) (*quoting Zeng Liu v. Jen Chu Fashion Corp.*, No. 00 Civ. 4221, 2004 U.S. Dist. LEXIS 35, at * 8-9 (S.D.N.Y. Jan. 7, 2004)).

28.     Here, because the Defendants have defaulted, Plaintiff's representations concerning his hours worked and wages owed are taken as correct. Therefore, Plaintiff is entitled to damages in accordance with those representations, and in the amounts set forth in the declaration and exhibits submitted herewith. (Cilenti Dec. Ex. ___).

*Liquidated Damages*

29.     The FLSA and New York Labor Law also require employers who violate their minimum wage and overtime obligations to pay their employees liquidated damages. *29 U.S.C. § 216(b)*; *N.Y. Lab. Law § 663(1)*. The FLSA provides for liquidated damages in an amount equal to the unpaid wages. *29 U.S.C. § 216(b)* (an employer who fails to pay minimum wages or overtime "shall" be liable "in an equal amount as liquidated damages.")

30.     Effective April 9, 2011, N.Y. Lab. Law. § 198(1-a) allows employees to recover 100% of unpaid wages as liquidated damages. *See N.Y. Lab. Law § 663(1)*.

31.     Prior to August 25, 2009, employees were required to demonstrate that the employer's failure to properly compensate the employee was willful in order for liquidated damages to be awarded, which means "that the employer knowingly, deliberately, or voluntarily disregards its obligation to pay wages…It is not necessary that the court find malice or bad faith." *Pavia v. Around The Clock Grocery, Inc.*, No. 03-6465, 2005 U.S. Dist. LEXIS 43229, at * 15-16 (E.D.N.Y. Nov. 15, 2005).

32.     Amendment to the Labor Law, effective August 26, 2009, eliminates the need for an employee to demonstrate that the employer's conduct was willful. Instead, liquidated damages are presumptively available absent a showing of good faith by the employer. *See* 2009 N.Y. Sess. Laws c. 372, § 1 (McKinney); N.Y. Lab. Law § 198(1-a).

13

33. Here, Plaintiff has established that he failed to be paid minimum wages and overtime. Plaintiff has further established that defendants' failure to pay minimum wages and overtime was willful. (Compl. ¶¶ 17-18, 41-42, 73, 81-82). Plaintiff has properly alleged that Defendants' actions were willful, and the Defendants have failed to refute those allegations.

34. Although district courts in this Circuit are divided on whether plaintiffs may recover liquidated damages under both the FLSA and NYLL, *see Gurung v. Malhotra*, 851 F. Supp. 2d 583, 593 (S.D.N.Y. 2012), the majority view is that plaintiffs may recover under both statutes because the liquidated damages provisions serve fundamentally different purposes. *Id.*; *see also Castellanos v. Deli Casagrande Corp.*, No. 11 Civ. 245, 2013 U.S. Dist. LEXIS 45858, at *20 (E.D.N.Y. March 7, 2013) (permitting liquidated damages under both statutes is appropriate and is the majority view); *Gunawan v. Saki Sushi Restaurant*, 897 F. Supp. 2d 76, 91 (E.D.N.Y. 2012) (the liquidated damages provisions under each statute serve different purposes and, thus, are mutually exclusive); *Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 261-62 (S.D.N.Y. 2008) ("[A] prevailing plaintiff who can justify both [FLSA] liquidated damages and state-law [liquidated] damages should be eligible to recover both, since they . . . serve fundamentally different purposes.") (internal quotation marks omitted); *Lanzetta v. Florio's Enterprises, Inc.*, No. 08 Civ. 6181, 2011 U.S. Dist. LEXIS 85613, at *13-14 (S.D.N.Y. July 27, 2011); *Cao v. Wu Liang Ye Lexington Restaurant, Inc.*, No. 08 Civ. 3725, 2010 U.S. Dist. LEXIS 109373, at *15-16 (S.D.N.Y. Sept. 30, 2010); *Callier v. Superior Bldg. Servs., Inc.*, No. 09 Civ. 4590, 2010 U.S. Dist. LEXIS 140232, at *10 (E.D.N.Y. Dec. 22, 2010).

35. These courts have recognized that liquidated damages under the FLSA are the functional equivalent of prejudgment interest; they are "not a penalty exacted by the law, but rather compensation to the employee occasioned by the delay in receiving wages due caused by the employer's violation of the FLSA." *Herman v. RSR Sec. Servs.*, 172 F. 3d 132 (2d Cir. 1999). Liquidated damages under the New York Labor Law, by contrast, are punitive in nature; they "constitute a penalty to deter an employer's willful withholding of wages due." *Reilly v. NatWest Mkts. Group, Inc.*, 181 F. 3d 253, 265 (2d Cir. 1999).

36. Defendants have made no argument against the award of liquidated damages under both provisions. It is respectfully requested that this Court adopt the rationale followed by the majority of district courts in this Circuit and concludes that Plaintiff may recover liquidated damages under both the FLSA and NYLL.

*Prejudgment Interest*

37. Section 5001 of the New York Civil Practice Law and Rules ("CPLR") provides that "[W]here damages were incurred at various times, [prejudgment] interest shall be computed upon each item from the date it was incurred or upon all of the damages from a single reasonable intermediate date." *N.Y. C.P.L.R. § 5001(b)*. Prejudgment interest accrues at 9% per annum on a simple interest basis. *N.Y. C.P.L.R. § 5004*.

38. Where defendants are in default, it is appropriate to calculate prejudgment interest based on assumptions and methodologies that are favorable to plaintiffs. *See Zeng Liu, supra*, 2004 U.S. Dist. LEXIS, at *16-17.

39.     Prejudgment interest is available for unpaid minimum wages and overtime claims under the New York Labor Law. *See Chan v. Sung Yue Tung Corp.*, No. 03 Civ. 6048, 2007 U.S. Dist. LEXIS 33883, at * 26-28 (S.D.N.Y. May 8, 2007); *Zeng Liu*, *supra*, 2004 U.S. Dist. LEXIS, at *16-17.  It is available even where the plaintiff is awarded liquidated damages under the Labor Law. *Id.*

40.     Prejudgment interest is equally available for unpaid wage claims under the FLSA. *See Perero v. Food Jungle, Inc.*, No. 05 Civ. 4347, 2006 U.S. Dist. LEXIS 73409, at *29-30 (E.D.N.Y. Aug. 7, 2006).  However, prejudgment interest generally is only awarded under the FLSA in the absence of an award of liquidated damages under the FLSA. *Chan, supra*, 2007 U.S. Dist. LEXIS 33883, at *26.

41.     Here, Plaintiff incurred unpaid minimum wages and overtime compensation at different times – *i.e.*, each week in which Plaintiff should have received his unpaid wages.  In such a situation, it is reasonable to calculate prejudgment interest from the "midpoint of the accrual of damages." *Zeng Liu, supra*, 2004 U.S. Dist. LEXIS, at *16-17; *Food Jungle, supra*, 2006 U.S. Dist. LEXIS 73409, at * 29-30.

42.     Plaintiff established that he failed to receive minimum wages and overtime compensation during the period between November 2014 and his last day of employment on or about June 20, 2015.

43.     A "reasonable intermediate date" from which to calculate prejudgment interest on Plaintiff's unpaid wages damages is "halfway between when plaintiff[s] began and ceased working for the defendants." *Id.*; *see also N.Y. C.P.L.R. § 5001(b)*.  The halfway point in Plaintiff's period of employment is approximately February 15, 2015.

44.     Accordingly, prejudgment interest on Plaintiff's unpaid wages and overtime compensation under the New York Labor Law should be calculated at 9% per annum from February 15, 2015 through the date of judgment in this matter.

45.     Prejudgment interest likewise should be calculated on Plaintiff's unpaid overtime under the FLSA at 9% per annum from February 15, 2015 through the date of judgment in this matter, to the extent the Court declines to award Plaintiff liquidated damages under the FLSA, and/or if the Court otherwise deems an award for prejudgment interest on Plaintiff's claims just and proper. *See Food Jungle*, *supra*, 2006 U.S. Dist. LEXIS 73409, at * 29-32 (awarding liquidated damages and prejudgment interest on plaintiff's FLSA overtime claim).

*Attorneys' Fees and Costs*

46.     The FLSA and New York Labor Law both permit successful claimants to obtain reimbursement of their attorneys' fees and costs. *29 U.S.C. § 216(b)*; *N.Y. Lab. Law § 663(1)*.

47.     Plaintiff requests $7,930 in attorneys' fees, as set forth in the exhibits to the Cilenti Declaration submitted herewith. (Cilenti Decl., ¶¶ 10-13, Ex. E). These fees – based on an hourly rate of $400 per hour – are reasonable, in accord with the prevailing rates in this community, and necessary to the prosecution of this action. *Burch, supra*, 2007 U.S. Dist. LEXIS 43275 at *11 (awarding attorneys' fees of $410 per hour); *see also Gutman v. Klein*, No. 03 Civ. 1570, 2009 U.S. Dist. LEXIS 123057, at *8 (E.D.N.Y. Oct. 13, 2009) (approving hourly rates of $300 and $400 for partners); *Lochren v. County of Suffolk*, No. 01 Civ. 03925, 2010 U.S. Dist. LEXIS 28288, at *7 (E.D.N.Y. March 23, 2010) (awarding attorney with fifteen years of experience an hourly rate of $400); *Pinzon*

*v. Paul Lent Mechanical Systems, Inc.*, No. 11 Civ. 3384, 2012 U.S. Dist. LEXIS 134122, at *16-17 (E.D.N.Y. Aug. 21, 2012) (awarding partner an hourly rate of $400); *BBY Solutions, Inc. v. Schwartz*, No. 11 Civ. 0947, 2011 U.S. Dist. LEXIS 151585, at *18-19 (E.D.N.Y. Nov. 17, 2011) (approving hourly rate of $400 for partners); *GMG Transwest Corp. v. PDK Labs, Inc.*, No. 07 Civ. 2548, 2010 U.S. Dist. LEXIS 108581 at *3 (E.D.N.Y. Oct. 12, 2010) (prevailing hourly rates for partners in Eastern District is between $350 and $450; awarding two partners hourly rates of $400 and $450, respectively).

48.     Similarly, paralegal fees – based on an hourly rate of $100 per hour – are reasonable, and within range approved by in this community. *See Ferrara v. All-Around Trucking Inc.*, No. 10 Civ. 5845, 2011 U.S. Dist. LEXIS 151381, at *19-20 (E.D.N.Y. Nov. 8, 2011) (finding that $90 per hour is reasonable for a paralegal); *Ferrara v. Stallone Testing Labs, Inc.*, No. 10 Civ. 901, 2010 U.S. Dist. LEXIS 101256, at *26-27 (E.D.N.Y. Aug. 5, 2011) (same).

49.     The starting point for an award of attorneys' fees in the Second Circuit is the "presumptively reasonable fee." *Kahlil v. Original Old Homestead Restaurant Inc.*, 657 F. Supp. 2d 470, 474-75 (S.D.N.Y. 2009) (*quoting Arbor Hill Concerned Citizens Neighborhood Ass'n. v. County of Albany*, 522 F. 3d 182, 183 (2d Cir. 2008)). The presumptively reasonable fee is "what a reasonable, paying client would be willing to pay." *Id.* at 190. This "initial estimate" is calculated by multiplying "the number of hours reasonably expended on the litigation...by a reasonable hourly rate." *Kirsch v. Fleet Street, Ltd.*, 148 F. 3d 149, 172 (2d Cir. 1998) (*quoting Hensely v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983)).

50.     In exercising its discretion, the Court must consider "*all* of the case-specific variables that…courts have considered relevant," including [t]he reasonable hourly rate…a paying client would be willing to pay," "bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill*, *supra*, 522 F. 3d at 190 (emphasis in original). "Following the determination of the presumptively reasonable fee, the Court must then consider whether an upward or downward adjustment of the fee is warranted based on factors such as the extent of plaintiff's success in the litigation." *Robinson v. City of New York*, No. 05-cv-9545, 2009 U.S. Dist. LEXIS 89981, at *7 (S.D.N.Y. Sept. 29, 2009). While a court may adjust the presumptively reasonable fee amount, there remains "[a] strong presumption that [this initial calculation]…represents a 'reasonable' fee." *Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565, 106 S. Ct. 3088, 92 L. Ed. 2d 439 (1986).

51.     Plaintiffs' costs – $710.44, as also set forth in the exhibits to the Cilenti Declaration – are "reasonable out of pocket expenses…which are normally charged to fee-paying clients," which warrant reimbursement. *Boyke*, *supra*, 2006 U.S. Dist. LEXIS 93928, at * 32-33. (Cilenti Decl. ¶ 14, Ex. F).

52.     For these reasons, Plaintiff is entitled to his attorneys' fees and costs for bringing this action.

## **CONCLUSION**

Plaintiffs respectfully request that the Court:

(a)  enter default judgment against the Defendants pursuant to Federal Rule of Civil Procedure 55(b);

(b)  adopt the above-stated Proposed Findings of Fact and Conclusions of Law;

(c)  award Plaintiff damages as set forth in the papers submitted herewith in the amount of $10,651.12 in unpaid wages; $9,281.12 in liquidated damages under the FLSA; and $10,651.12 in liquidated damages under the New York Labor Law;

(d)  award Plaintiff $7,930 in attorneys' fees, and $710.44 in costs;

(e)  award Plaintiff prejudgment interest; and,

(f)  award Plaintiff such other and further relief as the Court deems just and proper.

Dated: New York, New York
       October 30, 2015

Respectfully submitted,

CILENTI & COOPER, PLLC
*Attorneys for Plaintiff*
708 Third Avenue – 6th Floor
New York, New York 10017
T. (212) 209-3933
F. (212) 209-7102

By: _____
      Giustino (Justin) Cilenti (GC 2321)